✓ FILED
☐ ENTERED

ORIGINAL

COUNSEL/PARTIES OF RECORD

OCT - 7 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2
   CHRISTINA M. BROWN
3  Assistant United States Attorney
   333 Las Vegas Boulevard South
4  Fifth Floor
   Las Vegas, Nevada 89101
5  (702) 388-6336
   Fax:  (702) 388-5087
6

7              **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF NEVADA**

9                         **-oOo-**

10  UNITED STATES OF AMERICA,        )
                                     )  2:11-CR- 365-JCM-RJJ
11               Plaintiff,          )
                                     )
12      vs                           )  **PLEA AGREEMENT**
                                     )
13  KEVIN MCAULIFFE,                 )
                                     )
14               Defendant.          )
                                     )
15  _____)

16        The United States, by and through DANIEL G. BOGDEN, United States Attorney, and

17  Christina M. Brown, Assistant United States Attorney, the defendant KEVIN MCAULIFFE , and the

18  defendant's attorney, Margaret Stanish, submit this Plea Agreement.

19                               **I.**

20                         **PLEA AGREEMENT**

21        The United States and the defendant have reached the following Plea Agreement, which is

22  not binding on the Court:

23  **A.    The Plea**

24        1.      The defendant will waive the right to indictment by a grand jury and plead

25  guilty to a three-count information charging him with Mail Fraud, in violation of Title 18, United

26  States Code, Section 1341.



2.      The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**B.      Sentencing Guideline Calculations**

1.      Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), among other factors, in determining his sentence and is required to correctly determine the applicable sentencing guidelines.   The defendant understands, however, that the Sentencing Guidelines are only advisory and that after considering the Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes(s) of conviction.

2.      The parties agree and stipulate to the following application of the Sentencing Guidelines.

    a.      The base offense level is 7.  (U.S.S.G. § 2B1.1(a))

    b.      A 14-level upward adjustment applies for loss more than $400,000. (U.S.S.G. § 2B1.1(b)(1)(H))

    c.      A 2-level upward adjustment applies for abuse of a position of private trust. (U.S.S.G. § 3B1.3)

    d.      Pursuant to U.S.S.G. §3E1.1, the United States will recommend that the defendant receive a two (2) level downward adjustment for acceptance of responsibility unless the defendant: (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense, provides conflicting statements regarding his or her involvement, or falsely denies or frivolously contests conduct relevant to the offense; (d) attempts to withdraw his or her guilty plea; (e) engages in criminal conduct; (f) fails to appear in Court; or (g) violates the conditions of release or confinement prior to sentencing.

    e.      Pursuant to U.S.S.G. §3E1.1(b), the United States will, in its sole discretion, make a motion for one (1) additional downward adjustment for acceptance of responsibility prior to sentencing if the defendant timely notifies the United States of his intention to plead guilty, thereby

permitting the United States to avoid preparing for trial and allowing for the efficient allocation of resources.

      f.      The defendant agrees that the Criminal History Category will be determined by the Court.

## C.    **Other Sentencing Matters**

      1.      The defendant agrees that the Sentencing Guidelines Calculations in Section I.B, above, are reasonable in light of the factors set forth in Title 18, United States Code, Section 3553. However, the parties agree that the defendant may argue for a sentence reduction pursuant to the factors set forth Title 18, United States Code, Section 3553.

      2.      The United States agrees to recommend a term at the low end of the guideline range for the offense of Mail Fraud unless the defendant engages in conduct which could cause him to lose acceptance of responsibility.  The parties further understand that the Court is not bound by such agreement and may impose any term within the guideline range as determined by the Court.

      3.      The parties agree that the guideline calculations contemplated herein are based on information now known by the parties and that those calculations could change upon investigation by the United States Probation Office.  It is possible that factors unknown or unforeseen by the parties may be considered in determining the offense level, specific offense characteristics, enhancements, and other related factors.  In that event, the defendant will not withdraw his plea of guilty.

      4.      The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this plea memorandum.

      5.      The stipulations in this agreement do not bind the United States Probation Office or the Court. Both the defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court; and (b) correct any and all factual misstatements relating to the calculation of the sentence.

3

**D.**     **Fines and Special Assessment**

      1.     The defendant agrees that the Court may impose a fine due and payable immediately upon sentencing.

      2.     The defendant will pay a mandatory special assessment of $100 per count of conviction at the time of sentencing.

**E.**     **Waiver of Appeal**

      In exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and expressly waives the right to appeal the conviction and any sentence that is imposed within the applicable sentencing guideline range as determined by the Court, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel, and further waives the right to appeal any other aspect of the conviction or sentence. The defendant retains only the right to appeal a term of imprisonment imposed above the sentencing guideline range as contemplated by the parties in Paragraph I.B.2.

**F.**   **Restitution**

      The defendant agrees to make full restitution in an amount to be determined by the Court, which the defendant agrees shall include relevant conduct. The parties have calculated and agree that the amount of restitution owed is $650,000. In return for the defendant agreeing to make restitution for relevant conduct, the United States agrees to bring no additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum. The defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

4

**G.**     **Additional Promises, Agreements, and Conditions**

1.     In exchange for the United States' agreement to enter into this plea agreement, the defendant agrees that the facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) and (B) under the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event the defendant does not plead guilty or withdraws the defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives any and all rights under Federal Rules of Criminal Procedure 11(f) (pertaining to Inadmissibility of Pleas, Plea Discussions and Related Statements) and Federal Rule of Evidence 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2.     The parties agree that no promises, agreements, or conditions have been entered into other than those set forth in this plea memorandum, and further agree that none will be entered into unless in writing and signed by all parties.

**H.**     **Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This Plea Memorandum does not prohibit the United States, either itself or through any agency thereof, the United States Attorney's Office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving the defendant, including but not limited to proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

1.      The maximum penalty for violating Title 18, United States Code, Section 1341, Mail Fraud, is not more than twenty (20) years imprisonment, a fine of not more than $250,000, or both.

2.      The defendant is subject to supervised release for a term not exceeding three (3) years.  Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements.  The defendant understands that if he violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3.      The defendant must pay a mandatory special assessment of $100.00 for each count of conviction.

4.      The defendant is required to pay the costs of imprisonment, probation, and supervised release, unless the defendant establishes that he lacks the ability to pay such costs, in which case the Court may impose an alternative sanction, such as community service

## III.

## ELEMENTS

The elements of the crime of Mail Fraud, a violation of Title 18,  United States Code, Section 1341, are as follows:

1.      The defendant knowingly devised a scheme or plan to obtain money or property;

2.      by means of false or fraudulent pretenses, representations or promises;

3.      the statements made or facts omitted as part of the scheme were material;

4.      the defendant acted with the intent to defraud; and

5.      the defendant used or caused to be used the mails to carry out an essential part of the scheme.

(Ninth Circuit Model Jury Instruction 8.121, 2010 ed.)

6

**IV.**

**FACTS TO SUPPORT A PLEA OF GUILTY**

The defendant is pleading guilty because he is in fact guilty of the offenses charged. In pleading guilty, the defendant acknowledges that if he elected to go to trial instead of entering into this plea agreement, the United States could prove the facts set forth below beyond a reasonable doubt. The defendant specifically admits the following facts and declares under penalty of perjury that all of these facts are true and accurate:

1.      The defendant was a Roman Catholic priest and the pastor at St. Elizabeth Ann Seton Church in Las Vegas, Nevada. As pastor, each year since 2002 the defendant was responsible for submitting accurate and complete financial statements for the parish to the Las Vegas Diocese. In addition to submitting financial statements to the Diocese, the defendant was responsible for submitting to the Diocese approximately thirteen percent (13%) of the parish's adjusted gross income, which included income generated by monetary contributions from parishioners, votive candle collections, and certain other stipends and funds. The defendant was aware that this annual assessment was included in the Diocese's financial statement, which was mailed annually to the Archdiocese in San Francisco.

2.      The defendant had access to all bank accounts and cash in the parish safe, including but not limited to cash from missions and certain novenas, the votive candle collections and gift shop sales. In addition, the defendant had a personal American Express credit card and authority to reimburse himself from St. Elizabeth Ann Seton's general account for church-related expenses.

3.      The defendant fraudulently converted to his own use money belonging to St. Elizabeth Ann Seton Church by stealing cash from the parish gift shop sales, the votive candle collection, the mission fund and the general bank account, and by reimbursing himself for non-church-related expenses that he charged to his American Express credit card. The parties agree that the total amount fraudulently taken by the defendant, including relevant conduct, was $650,000.

7

4.     In executing his scheme to defraud, the defendant knowingly created financial statements containing materially false information which he submitted to the Diocese knowing that the statements underrepresented the parish's income and the assessment owed to the Diocese due to his theft of church funds.

5.     From 2006 to 2010, the defendant served on the Las Vegas Diocese Financial Committee and was a signatory on letters that accompanied the Diocese's financial statements the Diocese mailed to the Archdiocese of San Francisco.

6.     By knowingly submitting false financial information to the Las Vegas Diocese, the defendant caused the Diocese's financial statements to be placed in a post office or authorized depository, or to be sent or delivered by the United States Postal Service, on or about December 22, 2008, November 11, 2009, and November 15, 2010.

## V.

## ACKNOWLEDGMENT

1.     The defendant acknowledges by his signature below that he has read this Memorandum of Plea Agreement, understands and agrees to all its terms and conditions, along with the factual basis set forth herein, he has discussed these matters fully and completely with his attorney, and agrees that the matters set forth herein, including the facts set forth in Part IV, are true and correct.

2.     The defendant acknowledges that he has been advised and understands that by entering a plea of guilty that he is waiving, that is, giving up, certain rights guaranteed to him by law and by the Constitution of the United States.

Specifically, the defendant is waiving:

a.     The right to proceed to trial by jury on the original charges, or to a trial by a judge if the defendant and the United States both agree;

b.     The right to confront the witnesses against him at such a trial, and to cross-examine them;

c.   The right to remain silent at such trial, with such silence not to be used against the
defendant in any way;

d.   The right, should the defendant so choose, to testify in the defendant's own behalf at
such a trial;

e.   The right to compel witnesses to appear at such a trial, and to testify on the
defendant's behalf; and

f.   The right to have the assistance of an attorney at all stages of such proceedings.

3.   The defendant, his attorney, and the attorney for the United States acknowledge that
this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the
parties, and that no other promise has been made by the defendant, the defendant's attorney, or the
attorney for the United States, other than those promises and agreements expressly set forth herein.

DANIEL G. BOGDEN,
United States Attorney

11-5-2011
DATE

Christina M. Brown
Assistant United States Attorney

1C-6-11
DATE

Margaret Stanish
Counsel for Defendant

10/6/11
DATE

Kevin McAuliffe
Defendant

9